UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELINDA & MARSHA, LLC, d/b/a KIDZ & CO., <br>     *Plaintiff*, <br> *vs.* <br> THE CINCINNATI INSURANCE COMPANY, <br>     *Defendant.* | 1:11-cv-1128-JMS-DML |

# **ORDER**

On August 17, 2011, Defendant The Cincinnati Insurance Company removed Plaintiff Melina & Marsha, LLC, d/b/a Kidz & Co.'s breach of contract action to this Court from the Jackson County Circuit Court. [Dkt. 1.] Defendant did so, alleging that this Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332. [*Id.* at ¶ 8.]

Although Plaintiff has not contested jurisdiction, the Court has an independent duty to ensure that it has jurisdiction over all actions pending before it. *See, e.g.*, *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). After having reviewed the pleadings, the present record does not establish that complete diversity exists between the parties, as is required by § 1332.

First, with respect to Plaintiff's citizenship, Defendant alleges, "The Plaintiff . . . is a citizen of the State of Indiana, being a resident, and, thus, presumptively a domiciliary of Indiana." [*Id.* at ¶ 2.] Plaintiff's state-court complaint alleges, "Plaintiff [is] a limited liability company authorized to conduct business in the State of Indiana with a business address located [in] Indiana." [Dkt. 1-2 at 1.]

Because Plaintiff is a limited liability company, it has "the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) (citation omitted). Its state of organization and principal place of business are irrelevant. Furthermore, when pleading the citizenship of an LLC's members, counsel should be mindful that residency is likewise irrelevant. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." (citation omitted)).

Second, with respect to Defendant's citizenship, Defendant's notice of removal asserts that it is organized under the laws of Ohio with its principal place of business in that state. [Dkt. 1 at ¶ 4.] If so, it is a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1). But because Plaintiff's state-court complaint merely asserts that Defendant is "an Ohio corporation authorized to transact business in the State of Indiana," it is unclear whether Plaintiff agrees with Defendant's allegations regarding its citizenship. [Dkt. 1-2 at ¶ 3.]

The Court therefore **ORDERS** the parties to file a joint jurisdictional statement that sets forth their respective citizenships no later than **Friday, August 26, 2011**. The jurisdictional statement shall list each member of Plaintiff Melina & Marsha, LLC, and trace the citizenship each members. Additionally, Plaintiff should indicate its position regarding Defendant's citizenship allegations. If the parties cannot agree, they shall file separate reports within that time setting forth their respective views of the citizenships of the parties.

08/19/2011

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

Michael L. Schultz
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
mschultz@parrlaw.com