UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELINDA & MARSHA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:11-cv-01128-JMS-DML |
| ) | |
| THE CINCINNATI INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

Order on Motion for Summary Judgment (Dkt. 24) and Motion to Defer Consideration of the Motion for Summary Judgment to Permit Discovery (Dkt. 29)

Plaintiff Melinda & Marsha, LLC d/b/a Kidz & Co. ("Kidz") operated a children's clothing store in Seymour, Indiana that sustained significant losses from an accidental fire on August 3, 2009. Kidz was insured by defendant Cincinnati Insurance Company ("Cincinnati"). Although Kidz and Cincinnati reached agreement on the adjustment and payment of some aspects of the loss, they could not agree on the appropriate payment for Kidz's business income losses and certain other extra expenses. Kidz filed this breach of contract and bad faith action against Cincinnati in Jackson Circuit Court on August 11, 2011, and the case was removed to this Court a few days later. The Court held an initial pretrial conference and entered a case management plan on October 21, 2011. That case management plan includes a discovery deadline of May 14, 2012, and a summary judgment deadline of July 14, 2012.

In connection with the initial pretrial conference and preparation of the CMP, the parties presented synopses of their respective positions. Cincinnati maintained that when the parties were unable to agree on the amount that Cincinnati should pay to cover Kidz's business losses, Cincinnati invoked an appraisal procedure, the result of which binds Kidz. Kidz countered that

Cincinnati conducted the appraisal inappropriately by, among other things, directing Kidz's adjustor not to include certain claimed items of loss. Kidz also disputed Cincinnati's assertion that Kidz's appraiser reached agreement with Cincinnati's appraiser.

Less than two months after entry of the CMP and seven months before the close of discovery, Cincinnati filed a motion for summary judgment based on its argument briefly described above. (Dkt. 24) Kidz has asked the Court to extend the time for its response to Cincinnati's motion to May 14, 2012—the close of discovery. (Dkt. 29) Kidz asserts that it needs time to discover the facts underlying its contention that the appraisal was not properly conducted, noting specifically that it is yet to receive Cincinnati's entire claim file and the appraisal file, and that it has not had the opportunity to take the depositions of those involved in the appraisal.

Early summary judgment motions are sometimes appropriate, particularly when they raise a discrete legal issue and the parties do not dispute the facts material to the legal issue presented. But in this case, it was clear from the beginning that Kidz has made factual challenges to the predicates for Cincinnati's motion for summary judgment. That's not to say that discovery will yield evidence that creates a genuine issue of material fact; the Court could ultimately agree with Cincinnati that the evidence Kidz seeks to develop in discovery will not change the outcome. (*See* Dkt. 31.) But the Court cannot determine at this juncture that no facts Kidz may obtain in discovery could conceivably affect the analysis of Cincinnati's motion for summary judgment. It is premature and inefficient to file a motion for summary judgment

knowing well that the opposing party will identify discovery it needs in order to respond to it, thus creating significant and uncertain delays in the briefing schedule.[1]

Federal Rule of Civil Procedure 56(d) permits a party opposing a motion for summary judgment to show by affidavit or declaration specific reasons why it is presently unable to present facts "essential to justify its opposition" to the motion. Kidz's motion (Dkt. 29) satisfies the requirements of Rule 56(d).[2] If the nonmoving party has made that showing, the Court may defer consideration of the motion for summary judgment, deny the motion, allow time for the nonmoving party to obtain evidence, or issue any other appropriate order.

Under the circumstances presented here—particularly Cincinnati's filing of its summary judgment motion before it provided discovery and the fact that Kidz has specified a significant amount of discovery it needs before responding—the Court determines that the appropriate disposition is to deny the motion for summary judgment without prejudice and with leave to refile. The Court further determines that Kidz's motion to defer should be granted in part and denied in part. Although some discovery is necessary for Kidz to respond to Cincinnati's motion, that does not justify allowing Kidz the entire discovery period to respond, nor does it warrant the completion of all discovery. Kidz is entitled only to the period reasonably necessary to obtain the evidence essential to its opposition.

---

[1] The Court also notes its policy—enforced by section IV of the CMP in this case—requiring a party to raise all its summary judgment arguments in a single motion, absent leave for good cause. Filing an early summary judgment motion before any substantial discovery has been done increases the likelihood of the serial summary judgment motions practice this provision at least discourages and at most prohibits.

[2] But as explained below, the motion does not demonstrate the necessity of completing all discovery in this case up to the discovery deadline, nor does this disposition mean that the Court will agree to the breadth of the discovery the plaintiff believes is necessary before responding to the motion for summary judgment.

**Conclusion**

Cincinnati's motion for summary judgment (Dkt. 24) is DENIED without prejudice and with leave to refile. Kidz's motion to defer (Dkt. 29) is GRANTED IN PART AND DENIED IN PART consistent with the discussion in this order. The parties, through their counsel, are ORDERED to appear for a pretrial conference before Magistrate Judge Lynch on February 8, 2012, at 10:00 a.m. in Room 277, United States Courthouse, the purpose of which will be to define the scope of discovery necessary for Kidz to respond to the arguments advanced in Cincinnati's motion for summary judgment and to set an appropriate schedule for completing it.

So ORDERED.

Date: 01/30/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution to all counsel of record via CM/ECF